**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SONJA SENTER**                                                                              **PLAINTIFF**

**V.**                                                                   **CASE NO. 1:05CV100**

**CINGULAR WIRELESS, LLC
and RENEE HUGHES**                                                                    **DEFENDANTS**

## ORDER

This cause comes before the Court on the plaintiff's motion for reconsideration [36-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

In an order dated February 10, 2006, this Court denied the plaintiff's motion for remand to state court and granted the defendant's motion to dismiss. On February 24, 2006, the plaintiff, Sonja Senter, filed the instant motion to reconsider. Because the motion was filed within 10 days of the date of the order granting dismissal, the Court interprets the individual motion to be a motion to alter or amend under Rule 59(e) as is argued by the defendant, Cingular Wireless. For her part, Senter appears to reject the applicability of Rule 59(e) to the instant motion, which she claims should be considered solely under the standard for analyzing fraudulent joinder claims. Senter is incorrect. The Court has already fully considered Senter's arguments under a fraudulent joinder analysis and ruled against her, dismissing all of Senter's claims against the manager who recommended her termination and who was the only in-state defendant.

The correct standard for the instant motion is that of Rule 59(e), under which relief should only be granted when there is: (1) an intervening change in controlling law, (2) new and previously unavailable evidence is now available, or (3) the need to correct a clear error of law or to prevent

manifest injustice. Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003). Only the third ground is applicable in the case at bar. After careful consideration of the plaintiff's arguments, the Court remains satisfied with the reasoning stated in its February 10, 2006 order. The Court perceives no clear error of law in either its denial of Senter's remand motion or in its granting of Cingular Wireless's motion to dismiss. ACCORDINGLY, the Court finds that the instant motion for reconsideration is not well-taken and is DENIED.

This is the 25th day of April, 2006.

      /s/ Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**

ATTORNEYS

<u>Plaintiff</u>
Jim Waide
Luke Fisher
WAIDE & ASSOCIATES
Tupelo, MS

<u>Defendants</u>
Emma Mildred Newman
EMMA NEWMAN, ATTORNEY
Centreville, MS

Jennifer Ann Harris
BAKER, DONELSON, BEARMAN & CALDWELL
Jackson, MS